CALVIN LIGHTFORD, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6906

June 30, 1972                              498 P.2d 1323

*George E. Graziadei* and *Don Aimar,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying Calvin Lightford's petition for habeas. Lightford was indicted by the Clark County Grand Jury for the unlawful sale of narcotics. He challenged the indictment by filing the instant petition for habeas, claiming that the evidence presented to the grand jury did not meet the standard required by NRS 172.-135, subsection 2, which reads: "The grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence."

The transcript shows that a police officer concealed in the cab of a cab-over-camper pickup surveillance truck witnessed from a distance of about 25 feet the alleged transfer of narcotics from Lightford to one Elbert "Toby" Williams and that immediately thereafter Williams turned over the narcotics to the police officer. The police officer testified regarding what had occurred. Williams did not testify before the grand jury. Lightford urges on appeal that the failure of Williams to testify violates the Best Evidence Rule and that Williams, rather than the police officer who did testify, should have been called before the grand jury.

The courts have repeatedly held that the Best Evidence Rule is confined to documentary evidence and that the rule does not apply to parol evidence so as to exclude the otherwise competent testimony of a witness on the ground that another witness, who might give more conclusive evidence, ought to be called. The testimony of the eyewitness police officer was "legal evidence, and the best evidence in degree," and it was not hearsay

or secondary evidence. The State's failure to call Williams did not render inadmissible the eyewitness police officer's testimony.[1]

The record below demonstrates that a crime had been committed and that there was reasonable cause to believe Lightford committed it. Therefore, the order of the district court denying the habeas petition is affirmed.

---

[1]The record also reflects that the transaction was photographed in color by a Super 8 motion picture camera.